# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

KENNETH BAGLEY,

              Plaintiff,

    v.

THE STATE OF WASHINGTON DEPARTMENT OF SOCIAL AND HEALTH SERVICES and its employees C. JAN GREGG and PETER SIMONSON in their individual capacities,

              Defendants.

**Case No.** C05-5477 JKA

ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

    THIS MATTER comes before the court on the Defendants State of Washington Department of Social and Health Services'(DSHS) and Peter Simonson's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. The court has considered all materials submitted in support of and in response to said motion as well as the files and records herein.

    Kenneth Bagley is an African American who has been employed by DSHS at Western State Hospital since November 1988. Plaintiff, by way of work history, alleges that as a result of a job related back injury in 1996 he was operated on in May of 1997 and unable to return to work until November of 1997. Plaintiff further alleges that in late March of 2003, he presented his direct supervisor with a March 27, 2003 Certificate of Health Care Provider signed by his physician. Plaintiff avers that the certificate stated that (1) plaintiff was experiencing multiple significant medical problems including congenital heart failure, hypertension, renal insufficiency, obstructive sleep apnea, and asthma; (2) that these problems had significantly progressively worsened over the past year; and (3) plaintiff was unable to perform certain types of work and some essential job functions.

Although his job description has changed throughout the years, plaintiff had been working as an Institutional Counselor 2 (IC2) prior to April 18, 2003. On that date plaintiff received notice that he was being reassigned to the laundry, where he alleges he was required to perform undesirable and degrading tasks in addition to heavy lifting. Plaintiff alleges that it was after his transfer to the laundry room that he first learned the transfer was based on allegations of "misconduct in which you may have been involved." He claims to have first learned on April 30 that the alleged misconduct was with regard to an earlier confrontation with Caucasian co-worker, Leila Larson. Plaintiff asserts that although a letter of reprimand was issued, it was later retracted after he grieved the matter through his union. For purposes of this motion, the court does not find the reprimand, the retraction, or the related "due process" claim relevant to the ultimate issues of liability or damages.

Plaintiff claims that as a result of the heavy lifting requirements of the job he re-injured his back on May 5, 2003 and missed several months of work. Plaintiff alleges the transfer and required job activities in the laundry were discriminatory. Plaintiff seeks relief under RCW 49.60, Washington Law Against Discrimination (WLAD) and 42 U.S.C. 1983 alleging violation of his constitutional rights to due process and equal protection.

Defendants' motion for summary judgment is based in part on plaintiff's statements in response to questions at his deposition in which plaintiff stated that he first put Western State Hospital on notice that he had workplace disabilities in August of 2003, three months after his assignment to the laundry room (Doc #22, p.2, lines 3-12). The deposition testimony appears to be indirect conflict with plaintiff's assertions in his Declaration in Opposition to Motion for Summary Judgment (Doc#19-3, p.2, par.12). Defendants also note alleged testimonial discrepancies with regard to plaintiff's request for a support belt to assist him in lifting laundry bags. Defendants highlight those portions of the Certificate of Health Care Provider which state that it is undetermined if it would be necessary for plaintiff to take work only intermittently or to work on a less than full schedule, and that plaintiff is not presently incapacitated.

It is important to note that an underlying issue at the time of plaintiff's transfer to the laundry room was plaintiff's other full time job at a casino. It is undisputed that this had become an issue generating a

written request by plaintiff for approval for outside employment. It appears to be further undisputed that Western State Hospital limited approval of the request to 27 hours per week in August of 2003 (Doc #18-2, page 28). All of the foregoing, notwithstanding, it appears that plaintiff alleges discussions with laundry room supervisors concerning his limitations shortly after being assigned to the laundry room (Doc#19-2, p.3, par 19-22). The court has reviewed the cases cited by defendants supporting the proposition that plaintiff cannot rehabilitate himself with declarations in response to a motion for summary judgment which are inconsistent with his prior sworn testimony at deposition. For the reasons set forth above, this court is satisfied that there is at least a question of fact exists with regard to the issue of notice, aside from the apparent inconsistencies cited by defendants.

**Defendant's Motion for Summary Judgment based on failure of plaintiff to give notice of his need for accommodation is denied.**

Defendants allege that plaintiff's disparate treatment claim should be dismissed. This claim appears to be based on plaintiff's argument that his the Caucasian employees with whom he had confrontations behaved no differently than he did, and were not disciplined. There is not sufficient evidence to support the contention that the behaviors of Ms. Larson and Ms. Meyers were comparable to that of plaintiff.

**Defendant's Motion for Summary Judgement regarding plaintiff's claim for disparate treatment is granted.**

Defendants claim that plaintiff cannot show pretext regarding defendants' articulated legitimate explanations for plaintiff's transfer to the laundry room. The declarations of Davis and Williams (Doc#19-4;19-5) are sufficient to defeat defendants' argument regarding pretext at this stage of the proceedings.

**Defendant's Motion for Summary Judgment based on failure to show pretext is denied.**

July 15, 2006

 /s/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge