**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

KENNETH BAGLEY,

              Plaintiff,

v.

THE STATE OF WASHINGTON DEPARTMENT OF SOCIAL AND HEALTH SERVICES (DSHS), and its employees C. JAN GREGG and PETER SIMONSON in their individual capacities,

              Defendants.

**Case No.** C05-5477 JKA

SUPPLEMENTAL ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

    THIS MATTER comes before the court on Defendants' Motion for Clarification of Court's Order re: Defendants' Motion for Summary Judgment. This court entered "Order Re: Defendants' Motion for Summary Judgement" dated July 15, 2006 (Doc #23). Defendants' Motion for Clarification rightfully seeks clarification. No additional briefing has been offered or needed for the court to respond.

    The remaining issues before the court are defendants' challenge to plaintiffs' equal protection, due process, freedom of speech and any claim for violation of his federally protected rights under 42 U.S.C. 1983.

### Due Process and Free Speech Claims

    Plaintiff's claims for violation of his due process and free speech rights evolve out of the process resulting in his temporary reassignment to the laundry room. It is undisputed that this reassignment did not affect plaintiff's classification or pay, or that it was "temporary" in nature. It is also undisputed that the reassignment preceded any fact-finding process which included plaintiff's input. With regard to the due process issue, plaintiff refers the court to DSHS Personnel Policies 545 and 546 relating to removal, suspension, demotion, and/or discharge. The temporary reassignment to the laundry room with no reduction in pay or change in classification does not constitute "removal, suspension, demotion, or

discharge." The record is clear that plaintiff was given an opportunity to be heard before the ultimate administrative resolution of the matter.

***Defendants' Motion for Summary Judgement re: plaintiff's due process and free speech is granted.***

### Equal Protection Claim.

There is a somewhat blurred distinction, given the facts of this case, between the disparate treatment claim (summary judgment granted) and the equal protection claim. The equal protection claim is, however, factually connected to the issue of "pretext." Accordingly, the court finds that reasonable minds could differ on the plaintiff's equal protection claim.

***Defendants' Motion for Summary Judgement re: plaintiff's equal protection claim is denied.***

### Federal Constitutional and Section 1983 claims

Section 1983 was promulgated to protect citizens from being deprived of their constitutional protections by any "person." States, state agencies, and state officials sued in their official capacities are not "persons" subject to suit under Section 1983. Therefore, the 1983 claims against DSHS are not cognizable.

The individual defendants are sued "in their individual capacities" as opposed to their "official capacities." Defendants argue that the court should determine the capacity in which individuals are sued by the "cause of the proceedings" as opposed to how they are denominated in the case caption. In order to do so the court would have to engage in its own fact-finding determination which is not appropriate at this stage of the proceedings.

***Defendants' Motion for Summary Judgement re: plaintiff's Section 1983 and Federal Constitutional Claims against the Washington State Department of Social and Health Services is granted.***

***Defendants' Motion for Summary Judgement re: plaintiff's Section 1983 and Federal Constitutional Claims against an(y) individual defendant, in their individual capacity(ies) is denied.***

July 20, 2006

  /s/ J. Kelley Arnold
J. Kelley Arnold
United States Magistrate Judge